# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**ALIZE ZACHARY DWAYNE MONTAGUE,**

    Petitioner,　　　　　　　　　　Case No.  2:24-cv-213

v.　　　　　　　　　　　　　　　　　　HON.  _____

**SARAH SCHROEDER, Warden,**　　　　MAG.  _____

    Respondent.
_____/

Tameka L. Tucker (P85402)
Attorney for Petitioner
31800 Northwestern Hwy, Ste. 340
Farmington Hills, MI 48334
(248) 831-1600
Ttucker@tltlaw.org

_____/

# PETITION FOR WRIT OF HABEAS CORPUS
# UNDER 28 U.S.C. § 2254

NOW COMES Petitioner Alize Montague, by and through his attorney, Tameka L. Tucker (P85402), pursuant to 28 U.S.C. § 2254, and hereby petitions for a writ of habeas corpus and says:

1. On October 2, 2019, a jury convicted Petitioner Alize Montague of prison escape, MCL 750.193, kidnapping, MCL 750.349, and prisoner taking a hostage, MCL 750.349A, before Judge William W. Carmody of the Luce County Circuit Court, State of Michigan in Case Numbers 2017-001314-FC and 2017-001315-FC.

2. On December 17, 2019, Judge Carmody sentenced Mr. Montague as a fourth-offense habitual offender, MCL 769.12, to 30 to 60 years' imprisonment for both prisoner taking a hostage and kidnapping and 6 to 20 years' imprisonment for escaping from prison.  As a result, Mr. Montague's earliest release date (first parole-eligibility date) is July 18, 2050.

3. Mr. Montague was represented at arraignment by Sara R. MacGregor (P78483), and he was represented at pretrial proceedings, trial, and sentencing, by Brian D. Rahilly (P74065).

4. Petitioner is currently serving those sentences in the custody of Respondent Sarah Schroeder, at Marquette Branch Prison, 1960 U.S. Hwy. 41 South Marquette, MI 49855, under MDOC Identification Number 961236.

5. Through appellate counsel F. Mark Hugger (P53542), Mr. Montague raised the following claims on direct appeal to this Court: (1) Due process was violated because the trial court failed to include in its definition of "hostage," for the charges of both prisoner taking a hostage and kidnapping, the key element of influence on a third party, (2) the evidence was insufficient to sustain the convictions of prisoner taking a hostage and kidnapping because there was no evidence establishing that Mr. Montague intended to take Thornton as a hostage or use her as security to influence a third party, (3) the trial court abused its discretion when it denied Mr. Montague's motion to quash based on its incorrect interpretation of the prisoner taking a hostage statute, (4) the jury rendered inconsistent verdicts when it acquitted Mr. Montague of armed robbery and felonious assault but convicted him of prisoner taking a hostage and kidnapping predicated on his taking Thornton at knifepoint, and (5) the trial court erred in scoring OV2, OV10, OV12, and OV19.

6. On July 1, 2021, the Court of Appeals affirmed the convictions and sentences. *People v Montague*, 338 Mich App 29, 34-37; 979 NW2d 406 (2021) (Docket Nos. 352089; 352090). Judge Gleicher dissented, agreeing with the majority's holding that the state trial court improperly instructed the jury on the definition of "hostage" by failing to instruct the jury that a hostage is a person who is held as security for an act or forbearance by third person, but disagreeing that the error was harmless.

2

7. On August 30, 2021, Mr. Montague filed a *pro se* application for leave to appeal with the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals.

8. On May 25, 2022, the Michigan Supreme Court denied leave to appeal. *People v. Montague,* 509 Mich. 984; 973 N.W.2d 915 (2022) (Docket Nos. 163483, 163484).

9. On or about August 14, 2023, Mr. Montague, through undersigned counsel, filed a Motion for Relief from Judgment under MCR 6.501 *et seq.,* raising the following grounds for relief: (1) the trial court erred in denying Defendant's request for substitution of trial counsel due to a breakdown in the attorney-client-relationship and a conflict of interest that adversely affected counsel's performance, in violation of the Sixth Amendment, (2) the trial court abused its discretion in refusing to excuse a biased juror for cause, in violation of the Sixth Amendment right to an unbiased jury, and (3) appellate counsel was constitutionally ineffective for failing to raise these claims.

10. On November 3, 2023, Judge Gibson denied Mr. Montague's motion for relief from judgment.

11. On February 22, 2024, through undersigned counsel, Mr. Montague filed an application for leave to appeal to the Michigan Court of Appeals, raising the same claims raised in his Motion for Relief from Judgment.

12. On September 17, 2024, the Michigan Court of Appeals denied leave to appeal. *People v Alize Montague,* Case No 369818.

13. On November 12, 2024, through undersigned counsel, Mr. Montague filed an application for leave to appeal with the Michigan Supreme Court, raising the same claims raised in his Motion for Relief from Judgment, which was assigned Docket No. 167774.

14. The Michigan Supreme Court application for leave to appeal remains pending at the time of signing of the instant habeas corpus petition.

15. Petitioner has filed no other appeals, motions, or petitions, state or federal, challenging the convictions or sentences challenged in the instant petition

16. Petitioner is unconstitutionally restrained from his liberty as described herein and seeks habeas relief on the following grounds, each of which has been fairly presented to the courts of the State of Michigan through one complete round of that state's appellate review process, as set forth above, in satisfaction of the exhaustion requirement of 28 U.S.C. § 2254(b) & (c).

**I.**

**THE STATE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON AN ESSENTIAL ELEMENT OF THE HOSTAGE CHARGE, THE DEFENDANT'S INTENT TO MAKE DEMANDS TO INFLUENCE THE ACTS OF A THIRD PARTY, VIOLATED THE FIFTH AND FOURTEENTH AMENDMENTS.**

4

**SUPPORTING FACTS:** One of the elements of the "hostage" charge was that the defendant's intent was to make demands to influence the acts of a third party, and trial counsel explicitly requested that instruction. However, the trial court refused that request and instead, gave the prosecutor's version of the instruction, which allowed the jury to convict if it found that Mr. Montague intended only that the victim would acquiesce to his demands.

## II.

**THE PROSECUTION FAILED TO PRESENT SUFFICIENT EVIDENCE THAT PETITIONER HAD THE SPECIFIC INTENT TO TAKE THE VICTIM AS A HOSTAGE TO MAKE DEMANDS TO INFLUENCE THE ACTS OF A THIRD PARTY, WHICH WAS AN ESSENTIAL ELEMENT OF THE OFFENSE OF PRISONER TAKING A HOSTAGE AND KIDNAPPING, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS.**

**SUPPORTING FACTS:** No evidence was presented by the prosecution (nor did the prosecution argue that there was any evidence) that Petitioner had the intent to take anyone to make demands to influence the acts of a third person, even though that is an essential element of the charged offense of prisoner taking a hostage.

**III.**

**THE PROSECUTION FAILED TO PRESENT SUFFICIENT EVIDENCE ON THE CHARGE OF PRISONER TAKING A HOSTAGE BECAUSE THERE WAS NO EVIDENCE THAT PETITIONER WAS IMPRISONED AT THE TIME OF THE ALLEGED ACT OF TAKING A HOSTAGE, WHICH WAS AN ESSENTIAL ELEMENT OF THE OFFENSE OF PRISONER TAKING A HOSTAGE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS.**

**SUPPORTING FACTS:** No evidence was presented by the prosecution (nor did the prosecution argue that there was any evidence) that Petitioner had was imprisoned at the time that he allegedly took a hostage, which was an essential element of the offense of prisoner taking a hostage.

**IV.**

**THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTIONS WHERE THE PROSECUTION ARGUED THAT PETITIONER COMMITTED THE CHARGED OFFENSES BY TAKING THE NIGHT MANAGER AT KNIFE POINT BUT THE JURY ACQUITTED PETITIONER OF THE TWO COUNTS IN WHICH POSSESSION OF THE KNIFE WAS AN ESSENTIAL ELEMENT OF THE OFFENSES, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS.**

**SUPPORTING FACTS:** The knife, unlike all the other evidence in this case that Petitioner touched, did not have any blood nor Petitioner's fingerprints, and the DNA expert testified that the method by which the police collected the evidence could have led to the presence of Petitioner's DNA on the knife. The jury acquitted Petitioner of the charges of armed robbery, MCL 750.529, and assault with a

dangerous weapon (felonious assault), MCL 750.82, the only two charged offenses that had possession of a dangerous weapon as an essential element.

V.

**THE STATE TRIAL COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR SUBSTITUTION OF COUNSEL DUE TO A BREAKDOWN IN THE ATTORNEY-CLIENT-RELATIONSHIP AND A CONFLICT OF INTEREST THAT ADVERSELY AFFECTED COUNSEL'S PERFORMANCE, IN VIOLATION OF THE SIXTH AMENDMENT.**

**SUPPORTING FACTS:** At a pretrial hearing on February 5, 2019, and again on September 3, 2019, both appointed trial counsel, Brian D. Rahilly, and Petitioner Montague informed the state trial court that there had been destruction of communication and a breakdown in the attorney-client relationship, name-calling and hurtful accusations between them, a fundamental disagreement as to trial tactics, that counsel believed Petitioner "could be disadvantaged if I continue to represent him," that counsel had a conflict of interest because he had a personal relationship with the complainant, that counsel had undisputedly failed to keep Petitioner reasonably informed as to the status of his case, resulting his Petitioner's family being unable to attend trial.

## VI.

**THE STATE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO EXCUSE A BIASED JUROR FOR CAUSE, IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO AN UNBIASED JURY.**

**SUPPORTING FACTS:** Prospective Juror Archambeau explicitly said she was biased against Petitioner, and she never unequivocally said she could set that bias aside and decide the case impartially. (T1 29-30, 44-46, 62). Petitioner moved to exclude her for cause, and the Court denied the motion. Petitioner subsequently removed her with a peremptory challenge but was unable to remove a subsequently-called prospective juror who personally knew corrections officers in this case involving the aftermath of a prison escape although counsel indicated a desire to do so.

## VII.

**APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO RAISE CLAIMS V AND VI.**

**SUPPORTING FACTS:** Appellate counsel failed to raise claims V and VI.

17. Petitioner filed his habeas petition in this case within the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A), (2). The one-year period started upon "the expiration of the time for seeking [direct] review[,]" *id.,* that is, on August 23, 2022, because August 23, 2022, is 90 days after the Michigan Supreme Court denied leave to appeal on May 25, 2022, and Mr. Montague did not file a petition for a writ of certiorari within that 90 days. *People v. Montague,* 509 Mich.

8

984; 973 N.W.2d 915 (2022) (Docket Nos. 163483, 163484). *See Abela v. Martin*, 348 F.3d 164, 172-173 (6th Cir. 2003)(*en banc*) overruled on other grounds by *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2006). Mr. Montague filed his state postconviction motion on or about August 12, 2023, that is 356 days after the one-year period started. That filing tolled the one-year clock at 356 days. 28 U.S.C. § 2244(d)(2). Petitioner's application for leave to appeal regarding that motion remains pending in the Michigan Supreme Court. *Lawrence*, 549 U.S. at 331; *Holbrook v. Curtin*, 833 F.3d 612, n.3 (6th Cir. 2016); *See also Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). Therefore, there are still 9 days left on the one-year statute of limitations clock. That 9 days will begin to run when the Michigan Supreme Court disposes of Petitioner's currently-pending application for leave to appeal. *Id.* Accordingly, Petitioner has filed the instant habeas petition within the one-year habeas statute of limitations.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons Petitioner prays that this Honorable Court grant the Writ of Habeas Corpus from the unconstitutional restraint on his liberty and grant such other relief as the Court the case may require.

                                          Respectfully submitted,

                                          /s/ Tameka L. Tucker

                                          _____
                                          Tameka L. Tucker (P85402)
                                          Attorney for Petitioner
                                          31800 Northwestern Hwy, Ste. 340
                                          Farmington Hills, MI 48334
                                          (248) 831-1600
December 19, 2024                    Ttucker@tltlaw.org