UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALIZE ZACHARY DWAYNE MONTAGUE,

Petitioner,

v.

SARAH SCHROEDER,

Respondent.

Case No. 2:24-cv-213

Honorable Phillip J. Green

# OPINION

Petitioner Alize Zachary Dwayne Montague commenced this action with the assistance of counsel by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), along with a motion to stay these proceedings and hold them in abeyance (ECF No. 2). For the reasons stated below, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance.

Petitioner is currently serving sentences following his convictions for multiple offenses in criminal proceedings in the Luce County and Monroe County Circuit Courts. On January 21, 2016, the Monroe County Circuit Court sentenced Petitioner to an aggregate sentence of 5 to 10 years' incarceration after Petitioner pleaded guilty to two counts of malicious destruction of property and one count of assault by strangulation or suffocation. *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=961236 (last visited Jan. 2, 2025). In 2016, while serving those sentences, Petitioner escaped from

the Newberry Correctional Facility, located in Luce County, Michigan. *See People v. Montague*, 979 N.W.2d 406, 411 (Mich. Ct. App. 2021).

Petitioner was subsequently charged with escape from prison, in violation of Mich. Comp. Laws § 750.193, prisoner taking a hostage, in violation of Mich. Comp. Laws § 750.349a, armed robbery, in violation of Mich. Comp. Laws § 750.529, kidnapping, in violation of Mich. Comp. Laws § 750.349, and assault with a dangerous weapon, in violation of Mich. Comp. Laws § 750.82. *See id.* at 412. Following a jury trial in the Luce County Circuit Court, Petitioner was convicted of escape from prison, kidnapping, and prisoner taking a hostage; the jury found Petitioner not guilty of armed robbery and assault with a dangerous weapon. *Id.* On December 17, 2019, the trial court sentenced Petitioner as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to 30 to 60 years' incarceration for the kidnapping and prisoner taking a hostage convictions, and 6 to 20 years' incarceration for the escape conviction. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=961236 (last visited Jan. 2, 2025).

At issue in this matter are Petitioner's Luce County convictions. Petitioner appealed his convictions and sentences to the Michigan Court of Appeals. On July 1, 2021, the court of appeals rejected Petitioner's numerous challenges and affirmed his convictions and sentences. *See Montague*, 979 N.W.2d at 411. The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on May 25, 2022. *See People v. Montague*, 973 N.W.2d 915 (Mich. 2022).

Petitioner represents that on or about August 14, 2023, with the assistance of the same counsel who is representing him in these habeas proceedings, he filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502. (§ 2254 Pet., ECF No. 1, PageID.4.) The trial court denied that motion on November 3, 2023. (*Id.*) Petitioner represents that the Michigan Court of Appeals denied his application for leave to appeal on September 17, 2024. (*Id.*, PageID.5.) Petitioner, through counsel, filed an application for leave to appeal to the Michigan Supreme Court on November 12, 2024. (*Id.*) That application is still pending before the supreme court.

Petitioner raises the following grounds for relief in his § 2254 petition:

I. The state trial court's failure to instruct the jury on an essential element of the hostage charge, [Petitioner's] intent to make demands to influence the acts of a third party, violated the Fifth and Fourteenth Amendments.

II. The prosecution failed to present sufficient evidence that Petitioner had the specific intent to take the victim as a hostage to make demands to influence the acts of a third party, which was an essential element of the offense of prisoner taking a hostage and kidnapping, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments.

III. The prosecution failed to present sufficient evidence on the charge of prisoner taking a hostage because there was no evidence that Petitioner was imprisoned at the time of the alleged act of taking a hostage, which was an essential element of the offense of prisoner taking a hostage, in violation of the Fifth and Fourteenth Amendments.

IV. There was insufficient evidence to sustain the convictions where the prosecution argued that Petitioner committed the charged offenses by taking the night manager at knife point but the jury acquitted Petitioner of the two counts in which possession of the

knife was an essential element of the offenses, in violation of the Fifth and Fourteenth Amendments.

V. The state trial court erred in denying [Petitioner's] request for substitution of counsel due to a breakdown in the attorney-client relationship and a conflict of interest that adversely affected counsel's performance, in violation of the Sixth Amendment.

VI. The state trial court abused its discretion in refusing to excuse a biased juror for cause, in violation of the Sixth Amendment right to an unbiased jury.

VII. Appellate counsel was constitutionally ineffective for failing to raise claims V and VI.

(§ 2254 Pet., ECF No. 1, PageID.5–9 (capitalization corrected).) Petitioner acknowledges that he raised his first four grounds for relief on direct appeal, and that he raised his last three grounds in his motion for relief from judgment. (*Id.*, PageID.3, 4.) Petitioner asks that the Court stay these proceedings pending disposition of his application for leave to appeal the denial of his motion for relief from judgment in the Michigan Supreme Court. (ECF No. 2, PageID.15.) Petitioner indicates that a stay is necessary because "the time remaining on the habeas statute of limitations is only 9 days." (*Id.*)

Habeas petitions by state prisoners are subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.

The Michigan Supreme Court denied Petitioner's application for leave to file a direct appeal on May 25, 2022. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the 90-day period in which Petitioner could seek such review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The 90-day period

expired on August 23, 2022. Petitioner's period of limitation, therefore, expired as of August 23, 2023, well before Petitioner filed the instant § 2254 petition.

However, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

As set forth above, Petitioner represents that he filed his motion for relief from judgment on August 14, 2023, 9 days before the expiration of the one-year limitations period. The trial court denied that motion, and the Michigan Court of Appeals denied Petitioner's application for leave to appeal on September 17, 2024. Petitioner filed an application for leave to appeal to the Michigan Supreme Court on November 12, 2024, and that application remains pending. Thus, so long as Petitioner's request for collateral review is pending, the time period from August 14, 2023, until the date on which the Michigan Supreme Court rules upon his application for leave to appeal, will not count against Petitioner. However, once the supreme court rules upon Petitioner's application for leave to appeal, the remaining 9 days of the limitations period will begin running again.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that harsh result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions that include unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). Here, Petitioner does not seek dismissal of his unexhausted claims; instead, he requests that the Court stay further proceedings on his § 2254 petition until the Michigan Supreme Court has ruled upon his application for leave to appeal the denial of his motion for relief from judgment.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

As noted above, when Petitioner commenced this action, he had only 9 days remaining before the statute of limitations would expire. Petitioner, therefore, would not have the additional 30 days to return to this Court before expiration of the statute of limitations once the Michigan Supreme Court rules upon his application for leave to appeal. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781. The Court, therefore, will grant Petitioner's motion for a stay. (ECF No. 2.)

Accordingly, this action will be stayed, and held in abeyance, until Petitioner files a motion to lift the stay—such motion must be filed no later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's application for leave to appeal the denial of his motion for relief from judgment. If Petitioner fails to comply with the deadline imposed in this opinion and order, the Court may dismiss his petition.

The Court will order this action to be administratively closed until such time as Petitioner files a motion to lift the stay in accordance with the procedures set forth above.

Dated: January 3, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge